107 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
J. Refugio CARRENO-ROJAS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70023.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 06, 1997.
 
 1
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 J. Refugio Carreno-Rojas, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming a decision of the Immigration Judge ("IJ") denying Carreno-Rojas's request for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a)(1). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 4
 We review for an abuse of discretion the BIA's determination that an applicant has failed to establish extreme hardship. Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995). Although the BIA has the authority to construe "extreme hardship" narrowly, INS v. Wang, 450 U.S. 139, 145 (1981) (per curiam), it must consider all factors bearing on extreme hardship, Tukhowinich, 64 F.3d at 463.
 
 
 5
 To qualify for suspension of deportation, an applicant must show (1) continuous physical presence in the United States for a period of at least seven years immediately preceding the date of the application, (2) good moral character for the same period, and (3) that he is a person whose deportation would result in extreme hardship to himself, or to a spouse, parent or child who is a United States citizen or lawful permanent resident. 8 U.S.C. § 1254(a)(1); Bu Roe v. INS, 771 F.2d 1328, 1333 (9th Cir.1985).
 
 
 6
 Carreno-Rojas contends that the BIA abused its discretion by finding that he and his two United States citizen children would not suffer extreme hardship if he were deported. This contention lacks merit.
 
 
 7
 First, while some hardship necessarily flows from deportation, economic loss alone is insufficient to support a finding of extreme hardship. Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986). The common results of deportation, without more, are insufficient to prove extreme hardship. Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991). Carreno-Rojas's claim that he will have difficulty securing comparable employment in Mexico does not, without evidence of a complete inability to secure any employment, constitute extreme hardship. See Patel v. INS, 638 F.2d 1199, 1206 (9th Cir.1980).
 
 
 8
 Second, while the mere existence of citizen children is insufficient to establish extreme hardship, see Ramirez-Durazo, 794 F.2d at 498, the fate of these children is an important factor in the determination of extreme hardship, see Cerrillo-Perez v. INS, 809 F.2d 1419, 1422 (9th Cir.1987). The BIA must carefully appraise the effect deportation would have on a petitioner's citizen children, including the effect of "untying" family ties. See Casem v. INS, 8 F.3d 700, 703 (9th Cir.1993). "That young American citizens may be separated from their parents--and concomitantly that alien parents may be separated from their children--are relevant factors to be considered in determining extreme hardship." Cerrillo-Perez, 809 F.2d at 1424.
 
 
 9
 Here, the BIA found that Carreno-Rojas's children were very young and would be able to adjust to life in Mexico. The BIA also found that, because Carreno-Rojas's wife was under a final order of deportation and because Carreno-Rojas did not establish that he would leave his children in the United States if he were deported, it was likely that the family would be reunited in Mexico. Because the BIA properly considered the potential hardship to the children and found that Carreno-Rojas's deportation would not result in the break up of his family, see Casem, 8 F.3d at 703, the BIA did not abuse its discretion by finding that Carreno-Rojas had failed to show extreme hardship to himself or to his United States citizen children, see Tukhowinich, 64 F.3d at 463.
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3